United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Suarez Fashion, Corp., Debtor. | ) | Civil Action No. 20-20047-Civ-Scola |
| | ) | |
| Barry E. Mukamal, as Chapter 7 Trustee, Plaintiff | ) | |
| | ) | |
| v. | ) | Bankruptcy Case No. 17-25141-AJC |
| | ) | |
| MDL Express Services, Inc. and MDL Travel Enterprise Corp., Defendants. | ) | |

## **Order Denying Motion to Withdraw the Reference**

Now before the Court is the Defendants' motion to withdraw the reference filed by MDL Express Services, Inc. and MDL Travel Enterprise Corp. (**ECF No. 1.**) For the reasons set forth below, the Court **denies** the Defendants' motion.

A district court has original and exclusive jurisdiction of all cases brought under Title 11. *See* 28 U.S.C. § 1334(a). However, 28 U.S.C. § 157 vests in the district court the authority to refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy judges for the district. *See* 28 U.S.C. § 157(a). The jurisdiction of the bankruptcy court exists by virtue of this referral.

The language of the statute provides for two forms of withdrawal, permissive and mandatory, with permissive withdrawal occurring when the movant has demonstrated "cause," and mandatory withdrawal being necessary "if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). The Defendants move for mandatory withdrawal because, according to the Plaintiff Barry Mukamal, this motion is for the mandatory withdrawal of the reference because resolution of this proceeding requires consideration of Title 11 and of other federal laws. The Court does not agree.

Mukamal's complaint brings three counts against the Defendants: count one is for fraudulent transfer under 11 U.S.C. § 548(a)(1)(B); count two is for fraudulent transfer under § 726.106, Florida Statutes; and count three is for

fraudulent transfer under § 726.105, Florida Statutes. (ECF No. 2-3 at 4-9.) None of these counts are brought pursuant to "other laws of the United States." All three counts are brought pursuant to either Title 11 or Florida state law, and therefore the withdrawal in this case is permissive rather than mandatory. *See Stok Folk + Kon, P.A. v. Fusion Homes, LLC*, 584 B.R. 376, 381 (S.D. Fla. March 16, 2018) (Cooke, J.) (holding mandatory withdrawal is not appropriate because of alleged state law issues) (citing *In re Am. Body Amor & Equip., Inc.*, 155 B.R. 588, 590 (M.D. Fla. 1993) ("Mandatory withdrawal is required if the proceeding requires consideration of both title 11 *and* nonbankruptcy code federal law") (emphasis in original)).

As stated above, the Court may grant permissive withdrawal if the movant has demonstrated "cause." However, the Defendants have not alleged any purported cause in their motion to withdraw reference. (ECF No. 1.) The Defendants' motion is therefore **denied**. The Court directs the Clerk to **close** this matter. Any pending motions are denied as moot.

**Done and ordered**, in chambers at Miami, Florida, on February 13, 2020.

_____
Robert N. Scola, Jr.
United States District Judge